**Barry Alan SPRUCE, Plaintiff–Appellee,**

v.

**Lori Jean SPRUCE, Defendant–Appellant.**

Court of Appeals of Tennessee, Middle Section, at Knoxville.

Nov. 24, 1998.

Opinion Denying Rehearing Jan. 14, 1999.

Application for Permission to Appeal Denied by Supreme Court July 6, 1999.

J. Terry Holland, Holland Law Offices, Knoxville, Tennessee, for appellant.

Patrick T. Phillips, Knoxville, Tennessee, for appellee.

## OPINION

SUSANO, J.

In this post-divorce proceeding, we are asked to review the judgment of the trial court[1] denying the Rule 60.02[2] motion of the original defendant, Lori Jean McDo-

---

1. The Rule 60.02 motion in this case was heard by the Honorable Richard R. Baumgartner, sitting by interchange for the Honorable Bill Swann, Judge of the Knox County Circuit Court, Division Four. Judge Swann had approved and signed the divorce judgment; he was also the judge who entered the order denying Mother's petition for an increase in child support.

2. Mother also relies on Rule 60.01, specifically alleging that the trial court clerk erred in filing a document—the Certificate of Compliance—that did not have a certificate of service. Generally speaking, it is not the responsibility of the clerk to see to the service of papers on a party. This is the responsibility of the party filing the document.

well, formerly Spruce ("Mother"). The parties' final judgment of absolute divorce was entered on April 14, 1994. It recites, approves, and adopts the parties' agreement pertaining to all matters then at issue between them, including child support for their two minor children. On September 11, 1997, some 41 months after the final judgment was entered, Mother, who had been awarded custody of the children in the divorce judgment, filed a motion[3] against her former husband, Barry Alan Spruce ("Father"), predicated on subsections (4) and (5) of Rule 60.02, Tenn. R.Civ.P.,[4] seeking to be "relieve[d]," *see* Rule 60.02, of that portion of the divorce judgment awarding child support of $100 per month. The trial court denied the motion, finding no basis for Rule 60.02 relief. Mother appealed, arguing that the original award of $100 per month for two children is not in compliance with the Child Support Guidelines ("Guidelines") promulgated pursuant to T.C.A. § 36–5–101(e)(1); that the trial court erred, at the time of the divorce, in deviating from the Guidelines; and, finally, that the procedure at the time of the divorce was irregular, and such as to justify the relief sought in this case.

### I.

■ The standard of our review is well-stated in *Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94 (Tenn.1993):

A motion for relief based on Rule 60.02 grounds addresses itself to the sound discretion of the trial judge. The scope of review of an appellate court is to determine if the discretion was abused. (Citation omitted).

*Id.* at 97.

■ The burden is on the party seeking relief pursuant to Rule 60.02 "to show that he [or she] is entitled to relief." *Steioff v. Steioff,* 833 S.W.2d 94, 97 (Tenn.App.1992).

### II.

■ Cutting through the verbiage of Mother's filings, including her brief, we conclude that the basic thrust of her position is that the trial court, in setting child support in the divorce judgment, deviated downward from the amount mandated by the Guidelines, and that it did so without a proper basis for such a deviation. She relies on the Supreme Court case of *Jones v. Jones,* 930 S.W.2d 541 (Tenn.1996). She contends that this downward deviation was not proper when "considered in light of the provisions dealing with such deviation— [Tenn.Comp.R. & Regs., ch.] 1240–2–4–.04(2) and (4)." *See id.* at 545.

In this case, neither party claims ignorance of the operative facts. On the contrary, it is clear that each of the parties

---

3. Between the entry of the divorce judgment on April 14, 1994, and the filing of the Rule 60.02 motion on September 11, 1997, Mother filed a petition, on October 17, 1995, seeking an increase in child support. By order entered February 24, 1997, the trial court denied her petition. No appeal was taken from that order. While Mother's motion in the instant case, as well as her brief on this appeal, allude frequently to the proceedings on her petition for an increase in child support, we do not believe that the Rule 60.02 motion can be fairly construed as attacking that order. It is clear to us that Mother's basic complaint is that the amount of child support awarded in the divorce judgment constitutes an improper downward deviation from the Guidelines under the holding in *Jones v. Jones,* 930 S.W.2d 541 (Tenn.1996). This is an attack on the divorce judgment, rather than an attempt to set aside the order denying the petition for an increase in child support.

4. As pertinent to our discussion of the motion in this case, Rule 60.02, Tenn.R.Civ.P., provides as follows:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... (4) ... it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

gave their consent to the child support agreement *based upon existing facts then known to both of them.* This is not a case involving a mutual, or even a unilateral, mistake of fact. What Mother is really complaining about is the fact that the law was improperly applied to the known facts—first by the parties in reaching their agreement, and then by the court in approving it. Even if true, this is a mistake of *law* and not a mistake of *fact.* A mistake of law "occurs when a party knows the facts of the case but is ignorant of the legal consequences." *Haas v. Haas,* C/A No. 02A01–9709–CV–00241, 1998 WL 599529, *4 (Tenn.App. W.S., filed September 11, 1998).

■ The Supreme Court has opined that if "ignorance of the law is a proper ground for relief under Rule 60.02 . . ., it is hard to conceive how any judgment could be safe from assault on that ground." *Food Lion, Inc. v. Washington County Beer Bd.,* 700 S.W.2d 893, 896 (Tenn.1985). In fact, the cases clearly hold that a mistake of law is not a basis for Rule 60.02 relief. *Metropolitan Dev. & Hous. Agency v. Hill,* 518 S.W.2d 754, 768 (Tenn.App. 1974).

In the *Haas* case, cited earlier in this opinion, the trial court, acting on a Rule 60.02 motion, reduced the father's child support obligation because it found that the parties, at the time of the divorce, had "mistakenly applied the Child Support Guidelines by calculating child support using Father's gross income rather than his net income." *Haas,* 1998 WL 599529, at *2. This court reversed, finding that the trial court had committed a mistake of law that could not be reached by a Rule 60.02 motion. In the course of our opinion, this court stated the following:

> From the record, it is evident that Father was aware of the facts of the case, but was ignorant of the law. This is not

the type of mistake that Tenn.R.Civ.P. 60.02 is designed to correct.

1998 WL 599529, at *4. The same thing can be said of Mother in the instant case.

While the motion in *Haas* was based on subsection (1) of Rule 60.02—not on subsections (4) or (5), as is the motion in the instant case—we do not believe that this is legally significant. In both cases, the moving party seeks to set aside a judgment because of a mistake of law. Generally speaking, this is not the office of a Rule 60.02 motion.

Accordingly, Mother's motion for Rule 60.02 relief based upon an alleged illegal deviation from the Guidelines is found to be without merit.

### III.

■ Mother also seeks to set aside the child support decree in the judgment of divorce by attacking a filing made by Father's counsel on the day the divorce was granted.[5] The document in question is a trial court-furnished, fill-in-the-blanks form entitled "Certificate of Compliance With/Departure From Child Support Guidelines." The testimony at the Rule 60.02 hearing indicates that the trial court requires that the form be completed in connection with all uncontested divorces. It is apparently designed to afford the trial court the benefit of a representation by one or more of the parties or their counsel that the Guidelines have been complied with, or, if not, the reason for deviating from them.

Mother contends that the "Certificate of Compliance" was (1) improperly handled and (2) contains a misstatement as to why the parties were deviating from the Guidelines. Specifically, she claims that a copy of the document was not served on her or her counsel—a failure that, according to her, constitutes a violation of Rule 5.01, Tenn.R.Civ.P.[6] Second, she argues that

---

5. Father and his counsel were the only ones who appeared before the trial court when this uncontested divorce was granted.

6. Rule 5.01, Tenn.R.Civ.P., provides, in pertinent part, as follows:

> Unless the Court otherwise orders, every order required by its terms to be served;

the following statement placed in the Certificate of Compliance by Father's counsel is an incorrect statement of the reason that prompted the parties to agree to deviate from the Guidelines:

> [Father] is in need of financial and vocational rehabilitation and the parties have bargained this arrangement towards that end.

There are a number of reasons why Mother's arguments present an insufficient basis for Rule 60.02 relief. First, there was evidence from which the trial court could conclude that the Certificate of Compliance was, in fact, served on Mother's counsel. Father's former counsel so testified, and there was circumstantial evidence to back up his claim. The evidence does not preponderate against a finding that the Certificate of Compliance was served on Mother's counsel. However, even if the document was not properly served, it does not follow that the judgment of divorce is invalid. That judgment was signed by both parties and their counsel, and duly signed and entered by the trial court. Hence, it was filed in full compliance with Rule 58, Tenn.R.Civ.P. While the Certificate of Compliance may well have prompted the trial court to approve and adopt the parties' agreement as to child support, it was not a part of that judgment, by incorporation or otherwise. Even assuming, for the purpose of argument, that the Certificate of Compliance was not properly served, that fact is an insufficient basis for invalidating a divorce judgment that was properly entered under the Rules of Civil Procedure.

■ Assuming, again solely for the purpose of argument, that the reason given for deviating from the Guidelines as stated in the Certificate of Compliance is an incorrect statement of the parties' real reason for doing so, this does not change the fact that the trial court's judgment regarding child support correctly states the parties' agreement on the subject of child support. Each of the parties agreed to child support of $100 per month. Furthermore, even if counsel for Father made a misrepresentation as to why the parties agreed to deviate from the Guidelines—a fact that is not at all clear from the record before us—this is a matter that falls squarely within the ambit of Rule 60.02(2)—"fraud ..., misrepresentation, or other misconduct of an adverse party." Since Mother's motion was not filed within one year of the entry of the judgment, that ground is not available to her in this proceeding. An untimely claim clearly asserting a Rule 60.02(2) basis for relief cannot be pursued under the disguise of a Rule 60.02(5) request for relief. *Wallace v. Aetna Life & Casualty Co.,* 666 S.W.2d 66, 67 (Tenn.1984).

### IV.

■ We also find, as an additional ground for denying Mother's motion, that it was not filed "within a reasonable time." *See* Rule 60.02, Tenn.R.Civ.P. 41 months after entry of the judgment and *at least* 23 months [7] after Mother's counsel became aware of the contents of the Certificate of Compliance is simply too long. *Cf., e.g., Cain by Cain v. Macklin,* 663 S.W.2d 794, 796 (Tenn.1984) (30 months too long); *Day v. Day,* 931 S.W.2d 936, 939–40 (Tenn.App. 1996) (14 months too long).

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant. This case is remanded to the

---

every pleading subsequent to the original complaint; every paper relating to discovery required to be served on a party; every amendment; every written motion other than one which may be heard ex parte; and, every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar papers shall be served upon each of the parties, . . . .

**7.** Mother's Rule 60.02 motion was filed 23 months after she filed her petition seeking an increase in child support. At that time, she presumably knew of the Certificate of Compliance.

trial court for the collection of costs assessed there, pursuant to applicable law.

HOUSTON M. GODDARD, P.J. and DON T. McMURRAY, J., concur.

## OPINION AND ORDER ON PETITION FOR REHEARING

The appellant has filed a petition for rehearing pursuant to the provisions of Rule 39, T.R.A.P. In partial support of her petition, the appellant relies upon documents in a supplemental record certified to us by the trial court clerk on December 7, 1998—*some 13 days after our opinion was released.* It should also be noted that the appellant failed to obtain our permission or the permission of the trial court to supplement the record. *See* Rule 24(e), T.R.A.P. Having said all of this, we hasten to add that there is nothing in the supplemental record that changes our basic holdings, *i.e.,* that the appellant's Rule 60 motion is an attempt to render the trial court's divorce judgment of April 14, 1994, invalid and ineffective; that the motion was not timely filed; and that the appellant failed to show a proper basis for Rule 60 relief. Accordingly, the petition for rehearing is DENIED with costs taxed to the appellant.

IT IS SO ORDERED.

/s/ Charles D. Susano, Jr.

HOUSTON M. GODDARD, P.J., DON T. McMURRAY, J., concur.