IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 2000 Session

## C.M. REAGAN, vs. TROY MALONE, SANDRA MALONE, and DAN CONNELLY,

**Direct Appeal from the Equity Court for Hamilton County**
**No. 96-0855     Hon. W. Frank Brown, III, Chancellor**

**FILED JULY 25, 2000**

**No. E1999-01846-COA-R3-CV**

On a Rule 60, T.R.C.P. motion of plaintiff, the Chancellor combined judgments and added interest as one judgment.  On appeal, the combined judgment was vacated.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court vacated.**

HERSCHEL P. FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Marvin Berke, Chattanooga, for Defendant-Appellant, Dan Connelly.

Scott N. Brown, Jr., and Stephany S. Pedigo, Chattanooga, for Plaintiff-Appellee, C.M. Reagan.

## OPINION

In this action on a promissory note, the Trial Court originally entered a judgment in plaintiff's favor for $170,585.07, which included $32,190.73 in collection costs.  On appeal, this Court reversed the award of $32,190.73 in collection costs and remanded for a determination of a reasonable attorney's fee, which the Court subsequently determined to be $34,598.57, for which judgment was entered on June 2, 1999.

On September 9, 1999, plaintiff filed a Motion for Restated Judgment pursuant to T.R.C.P. Rule 60, and the trial court granted the Motion by consolidating the judgments, plus interest to date, for a total judgment of $204,103.23. Connelly has appealed, arguing that the Trial Court erred by entering a restated judgment, which adds its previous judgments together with post-

judgment interest, such that plaintiff will receive compound post-judgment interest.

Our review of a trial court's grant or denial of a motion for relief based on Tenn. R. Civ. P. 60 is to determine if the trial court abused its discretion. *Spruce v. Spruce*, 2 S.W.3d 192 (Tenn. Ct. App. 1998). Further, the burden is on the party seeking relief to demonstrate that he is entitled to relief. *Spruce*.

We conclude that the relief granted in this case is not within the nature of the relief contemplated by Tenn. R. Civ. P. 60. The Rule addresses itself to correcting clerical mistakes in judgments and other mistakes which are the result of inadvertence, surprise, excusable neglect, fraud, etc. Plaintiff did not allege and the Trial Court did not find that any of these specific conditions had been met. The only other basis upon which the plaintiff could seek and the court could grant relief pursuant to Tenn. R. Civ. P. 60 would be under the "catch-all provision" contained in Tenn. R. Civ. P. 60.02(5).

The Supreme Court has said that "Rule 60.02 acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Fireman's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn.1990). The Court has also said that "because of the importance of this 'principle of finality,' the 'escape valve' should not be easily opened." *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991). Moreover, the case law on this issue has also made clear that the standards of Tenn. R. Civ. P. 60.02(5) "are more demanding than those applicable to the other grounds for [Rule] 60.02 relief. Tennessee Rule of Civil Procedure 60.02(5) intends to provide relief only in the most unique, exceptional, or extraordinary circumstances." *NCNB Nat. Bank of North Carolina v. Thrailkill*, 856 S.W.2d 150, 154 (Tenn. Ct. App. 1993).

Plaintiff's request for a "restated" judgment does not rise to the level required in order to gain relief under Tenn. R. Civ. P. 60. *See* 46 Am.Jur.2d *Judgments*, §§175-6. Moreover, it appears that the effect of the court's entering one judgment for $204,103.23 as of a certain date, does more to confuse than clarify, because it establishes a per diem interest charge on each judgment to be carried forward into the future, but does not take into account that payments that would reduce the principal would obviously reduce the per diem interest charges as well.

Tenn. Code Ann. §47-14-121 and §47-14-122 provide that 10% post-judgment interest shall be added to every judgment from the date of entry of the judgment until paid. The matter of calculating the interest on the judgment is a ministerial function, and unless errors are made in the clerk's computations, there is no issue for the court to resolve.

Accordingly, we set aside the Restated Judgment of the Trial Court and remand, with costs of the appeal assessed to appellee.

_____
HERSCHEL PICKENS FRANKS, J.

-2-