FILED

05/08/2017

Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs April 3, 2017

## STATE OF TENNESSEE EX REL. KANDI L. SMITH v. BRITANI N. THORNE

**Appeal from the Juvenile Court for Montgomery County**
**No. MCJVCSCV11-1874     Kenneth R. Goble, Jr., Judge**

_____

### No. M2016-01966-COA-R3-JV

_____

This appeal involves child support for two minor children, H.T. and C.B. ("the Children"). Upon a prior dependency and neglect petition, the Montgomery County Juvenile Court ("trial court") had awarded custody of the Children to their grandmother in an order entered December 29, 2010. The court had also granted the Children's mother weekly visitation and ordered the mother to pay $410.00 monthly in child support. In April 2011, the State of Tennessee ("the State"), acting on behalf of the grandmother, filed a petition to set child support, which the trial court dismissed upon finding that support previously had been set. In December 2011, the State issued an administrative order, finding that the mother owed an arrearage of $4,510.00 and ordering her to pay an additional $205.00 per month. The mother subsequently filed a petition seeking custody of the Children and naming the grandmother as the respondent. Without notice to the State, the mother and the grandmother announced agreements to the trial court, which the court memorialized in two agreed orders: (1) a March 13, 2015 order returning custody of the Children to the mother and granting reasonable visitation to the grandmother and (2) a May 28, 2015 order waiving all child support arrearages owed to the grandmother, directing the mother to pay a $1,488.00 child support arrearage to the State at a rate of $50.00 per month, and reinstating the mother's driver's license. In September 2015, the State filed a petition for criminal contempt against the mother for failure to pay child support. The State subsequently filed a "motion to reconsider or set aside" the May 2015 agreed order, citing Tennessee Rule of Civil Procedure 60.02. Following a hearing, the trial court entered an order denying the State's motion, directing the mother to pay the $1,488.00 arrearage to the State she previously had agreed to pay, and issuing an attachment for the mother's failure to appear and failure to pay support. The State has appealed. Having determined that, pursuant to Tennessee Code Annotated § 37-1-159(a), the circuit court has sole jurisdiction to consider this appeal flowing from a dependency and neglect action, we transfer this appeal to the Montgomery County Circuit Court.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Transferred to Circuit Court**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which RICHARD H. DINKINS, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Herbert H. Slatery, III, Attorney General and Reporter; Andreé S. Blumstein, Solicitor General; and Ellison M. Berryhill, Assistant Attorney General, for the appellant, State of Tennessee *ex rel.* Kandi L. Smith.[1]

**OPINION**

I. Factual and Procedural Background

In the order from which the State appeals, the trial court appears to have consolidated, *sua sponte*, various petitions involving the Children, including one initiated by the State on behalf of the Children's grandmother, Kandi L. Smith ("Grandmother"), and one intiated by the Children's mother, Britani N. Thorne ("Mother"). Prior to the filing of these petitions, the trial court had entered an order on December 9, 2010, adjudicating a previous dependency and neglect petition filed by Grandmother in which Mother was named as a respondent.[2] At the time, the Children were six and four years old respectively. Approving an agreement announced by the parties as in the best interest of the Children, the trial court in the adjudicatory order transferred custody of the Children to Grandmother, granted to Mother seven hours of unsupervised visitation each Sunday, and set Mother's child support obligation at $410.00 per month. The trial court made no specific finding as to whether the Children were dependent and neglected.

The State, acting on behalf of Grandmother, initially filed a petition to set child support on April 13, 2011, upon receiving a referral from the Tennessee Department of Human Services. The State provided child support enforcement services to Grandmother pursuant to Title IV-D of the Social Security Act, 42 U.S.C. § 651 *et seq.*, opening an ongoing case number with Tennessee Child Support Enforcement Services. However, the trial court entered an order dismissing the State's initial petition on August 1, 2011, because child support previously had been set in the December 2010 adjudicatory order.

---

[1] The State has listed the grandmother, Kandi L. Smith, as an individual petitioner/appellee and the mother, Britani N. Thorne, as a respondent/appellee. Neither Ms. Smith nor Ms. Thorne has filed a responsive brief or entered an appearance on appeal.

[2] Grandmother's dependency and neglect petition is not in the record before us. The trial court's order adjudicating the petition is included as an attachment to the State's post-judgment motion. Although two additional respondents, Robert B. and Dustin T., are named in the style of the adjudicatory order, no disposition as to those respondents is included in the record.

On December 15, 2011, the Department of Human Services issued an administrative order, finding Mother to have an arrearage in the amount of $4,510.00 and ordering her to pay $205.00 per month toward the arrearage in addition to her $410.00 monthly obligation for current support. The State filed the administrative order with the trial court.

At some point following entry of the adjudicatory order, Mother filed a petition seeking custody of the Children and naming Grandmother as the respondent. Mother's petition is not in the record on appeal. The record does contain, as attachments to pleadings filed by the State, copies of the two agreed orders entered by the trial court upon Mother's petition. In the first agreed order, entered March 13, 2015, the trial court transferred custody of the Children from Grandmother to Mother, granted Grandmother "reasonable visitation with the children as agreed upon by the parties," and relieved a guardian *ad litem*, Christopher J. Pittman, of his responsibilities in the case. The court noted in the order that "[a]ll parties acknowledge that [Mother] is returning to the state of Arizona." Child support was not mentioned in the March 2015 order, and the State was not joined as a party. The order does not specify any notice given to the State.

The second agreed order was entered by the trial court on May 28, 2015. The style of the case, as in the earlier agreed order, listed Mother as the petitioner and Grandmother as the respondent with no mention of the State. Upon agreement of the parties as to the best interest of the Children, the trial court ordered that "all arrearages owed to [Grandmother] [are] hereby waived, arrearages in the approximate amount of $1,488.00, owed to the State of Tennessee, shall be paid at the rate of $50.00 per month until paid in full . . . [and] the driver's license and driving privileges of [Mother] are hereby reinstated, effective immediately." Mother was represented during entry of the agreed orders by attorney Sharon T. Massey. Grandmother was not represented by counsel.

On September 28, 2015, the State, utilizing the docket number previously attached to the dismissed petition to set support, filed a petition for criminal contempt against Mother, alleging failure to pay child support and an arrearage calculated in the amount of $20,617.54. Citing alleged violation of the March 13, 2015 agreed order, which had not addressed child support, the State requested that the trial court find Mother to be in willful contempt, sentence her to ten days in jail and a fine of $50.00 plus costs, enter a judgment against her for the full arrearage amount plus twelve-percent interest, and enter an income assignment against her. The trial court subsequently issued a criminal attachment, by which authority Mother was arrested on March 16, 2016. Upon finding that Mother was indigent, the court appointed counsel, attorney Julie Dyess, to represent Mother on the contempt charge. The court released Mother on a $5,000.00 bond in an order entered March 24, 2016. The May 28, 2015 agreed order, reflecting

Mother's agreement to pay $50.00 per month to the State toward a $1,488.00 child support arrearage, appears for the first time in the record before us as an apparent attachment to the March 24, 2016 order releasing Mother on bond.

On August 25, 2016, the trial court conducted a hearing on the petition for contempt and the State's "Motion to Reconsider" the May 28, 2015 agreed order. The State requested in its motion that the trial court set aside the May 2015 agreed order pursuant to Tennessee Rule of Civil Procedure 60.02.[3] In a "Statement of the Evidence" filed in lieu of a transcript, pursuant to Tennessee Rule of Appellate Procedure 24(c), the State proffers the filing date of its motion to reconsider as April 29, 2016, the date the motion was signed by the assistant district attorney. However, the trial court clerk's date stamp on the motion indicates a filing date of September 20, 2016.[4]

The State argued in its motion, *inter alia*, that, pursuant to Tennessee Code Annotated § 36-5-101(f)(1), the trial court did not have authority to grant forgiveness of a child support arrearage at the time of the May 28, 2015 agreed order's entry. As the State pointed out, effective July 1, 2015, the General Assembly amended Tennessee Code Annotated § 36-5-101(f) to add subsection (6), providing that "the obligor and obligee shall have the right to compromise and settle a child support arrearage balance owed directly to the obligee," upon meeting certain requirements and upon the trial court's approval of the settlement as in the best interest of the children. *See* 2015 Pub. Acts, Ch. 200 § 1 (S.B. 101). The State argued that even assuming, *arguendo*, that the newly enacted subsection could have been applied in this case, Mother and Grandmother failed to meet the statutory requirement that "[i]n all Title IV-D cases, the department of human services or its contractors must be a party to the action." *See* Tenn. Code Ann. § 36-5-101(f)(6)(A) (Supp. 2016).

---

[3] The Tennessee Rules of Civil Procedure do not authorize motions to reconsider a trial court order. *See Goetz v. Autin*, No. W2015-00063-COA-R3-CV, 2016 WL 537818, at *5 (Tenn. Ct. App. Feb. 10, 2016), *perm. app. denied* (Tenn. June 24, 2016) (citing *Harris v. Chern,* 33 S.W.3d 741, 743 (Tenn. 2000)). In relying on Tennessee Rule of Civil Procedure 60.02, the State requested that the trial court "set aside and/or void" the agreed order, presumably based on Rule 60.02(1) ("mistake, inadvertence, surprise or excusable neglect"), (3) ("the judgment is void"), or (5) ("any other reason justifying relief from the operation of the judgment"). We note that relief under subsection (1) requires that the motion be filed within one year of the judgment. *See* Tenn. R. Civ. P. 60.02.

[4] Although the motion to reconsider has a certificate of service attached with the date of service to Ms. Massey, Mother, and Grandmother given as April 29, 2016, this certificate is unsigned. The State's counsel has attached a copy of the motion to reconsider as an exhibit to the statement of the evidence, but this copy of the motion is missing both a file date stamp and the entire page on which the certificate of service was typed on the filed copy.

Through an order entered September 16, 2016, the trial court denied the State's motion to reconsider but determined that "the State shall be allowed to collect the $1488.00 arrearage owed to the State as set out in the 5/28/15 *Agreed Order*." Noting that both Ms. Massey and Ms. Dyess represented Mother during the hearing but that Mother was absent, the trial court also ordered that an attachment be issued for Mother's failure to appear and failure to pay $50.00 per month toward the $1,488.00 arrearage. The trial court did not explain through its order the rationale for denying the motion to reconsider, and the State has not provided any explanation to this Court in the statement of the evidence. The State filed a notice of appeal with this Court on September 20, 2016.

## II. Issue Presented

The State presents one issue on appeal, which we have restated as follows:

> Whether the trial court erred by denying the State's post-judgment motion seeking relief from an agreed order forgiving a portion of Mother's child support arrearage.

## III. Standard of Review

Determinations regarding child support are reviewed under an abuse of discretion standard. *See Mayfield v. Mayfield*, 395 S.W.3d 108, 114-15 (Tenn. 2012); *Richardson v. Spanos*, 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005). "This standard requires us to consider (1) whether the decision has a sufficient evidentiary foundation, (2) whether the court correctly identified and properly applied the appropriate legal principles, and (3) whether the decision is within the range of acceptable alternatives." *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000). A trial court's grant or denial of a Tennessee Rule of Civil Procedure 60.02 motion is also reviewed under an abuse of discretion standard. *See Spruce v. Spruce*, 2 S.W.3d 192, 194 (Tenn. Ct. App. 1998) (citing *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993)).

Whether a court possesses subject matter jurisdiction over an action is a matter of law, which we review *de novo* with no presumption of correctness. *See In re Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013); *Williams v. State*, 139 S.W.3d 308, 311 (Tenn. Ct. App. 2004). To the extent that we need also review the factual findings of the trial court, we presume those findings to be correct and will not overturn them unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d); *Morrison v. Allen*, 338 S.W.3d 417, 425-26 (Tenn. 2011). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006).

IV.  This Court's Subject Matter Jurisdiction

Determining the question to be dispositive, we address, *sua sponte*, the threshold matter of whether this Court possesses subject matter jurisdiction to consider the State's appeal.  *See* Tenn. R. App. P. 13(b) ("The appellate court shall . . . consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review . . . .").  We determine that because the appeal flowed from what was initially a dependency and neglect action, it should have been brought before the circuit court.

Our Supreme Court has succinctly described subject matter jurisdiction and how it is conferred on a tribunal:

> The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it.  *See Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Casualty Co. v. Sloan*, 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943).  Subject matter jurisdiction involves the nature of the cause of action and the relief sought, *see Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by constitutional or legislative act.  *See Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989).

*Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).  *See Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004) ("Subject matter jurisdiction involves a court's lawful authority to adjudicate a particular controversy.").

Tennessee Code Annotated § 37-1-159(a) (2014 & Supp. 2016) provides that a juvenile court's final judgment in a dependency and neglect action is appealable to circuit court.  *See Clark v. Cooper*, No. E2012-00684-COA-R3-CV, 2013 WL 1097773, at *3 (Tenn. Ct. App. Mar. 18, 2013) ("A dependency and neglect action heard in juvenile court is appealable to the circuit court, while a custody matter heard by the juvenile court is appealable to the Tennessee Court of Appeals.") (citing Tenn. Code Ann. § 37-1-159; *Tenn. Dep't of Children's Servs. v. Owens*, 129 S.W.3d 50, 54 (Tenn. 2004)).  The version of Tennessee Code Annotated § 37-1-159 in effect when the instant action commenced stated in pertinent part:

(a)     The juvenile court shall be a court of record; . . . and any appeal from any final order or judgment in an unruly child proceeding or

6

dependent and neglect proceeding, filed under this chapter, may be made to the circuit court that shall hear the testimony of witnesses and try the case de novo. The appeal shall be perfected within ten (10) days, excluding nonjudicial days, following the juvenile court's disposition.

* * *

(g)   Appeals in all other civil matters heard by the juvenile court shall be governed by the Tennessee Rules of Appellate Procedure.

(Emphasis added.)[5]  *See In re D.Y.H.*, 226 S.W.3d 327, 331 (Tenn. 2007) ("[A]ny custody decision that is made during a dependency and neglect proceeding is a part of the dependency and neglect proceeding and appealable to circuit court.") (citing *Tenn. Dep't of Children's Servs. v. Owens,* 129 S.W.3d 50, 55 (Tenn. 2004)).

Pursuant to Tennessee Code Annotated § 37-1-103(a)(1) (2014), "[t]he juvenile court has exclusive original jurisdiction of . . . [p]roceedings in which a child is alleged to be delinquent, unruly or dependent and neglected . . . ." In the case at bar, the trial court assumed subject matter jurisdiction over the Children upon the filing of Grandmother's dependency and neglect petition. The original child support order upon which the State's calculation of arrearages is based was entered as part of an adjudication of the dependency and neglect petition in the trial court's December 2010 order transferring custody to Grandmother. Moreover, although Mother's subsequent petition is not in the record before us, it clearly flowed from the dependency and neglect action in that Mother sought modification of the adjudicatory order and return of the Children to her custody. *See In re D.Y.H.*, 226 S.W.3d at 331 ("Having acquired jurisdiction over the child by the filing of the dependency and neglect petition and having found the child to be dependent and neglected, the juvenile court heard the Mother's . . . petition [to change custody] pursuant to its continuing dependency and neglect jurisdiction.").

We determine that the May 28, 2015 agreed order and the September 16, 2016 order denying the State's motion to reconsider, from which the State appeals, also flow from the dependency and neglect proceedings. Our Supreme Court has explained that pursuant to Tennessee Code Annotated § 37-1-103(c),

---

[5] Effective July 1, 2016, the General Assembly has amended Tennessee Code Annotated § 37-1-159(a) to state, as relevant to the portion quoted above, that the appeal shall be perfected within ten judicial days "following the entry of the juvenile court's order." *See* 2016 Pub. Acts, Ch. 637 § 1 (S.B. 2571).

when a juvenile court acquires jurisdiction from a dependency and neglect proceeding, its exclusive original jurisdiction continues until one of following events occur:

(1) the case is dismissed;

(2) the custody determination is transferred to another court;

(3) a petition for adoption is filed; or

(4) the child reaches the age of eighteen.

*In re D.Y.H.*, 226 S.W.3d at 330. *See Toms v. Toms*, 98 S.W.3d 140, 144 (Tenn. 2003) ("We conclude that the juvenile court lost jurisdiction of the case upon the dismissal of the dependency and neglect petition . . . .") (citing Tenn. Code Ann. § 37-1-103(c)). None of the events that would have ended the juvenile court's exclusive original jurisdiction has occurred in the case at bar. *See* Tenn. Code Ann. § 37-1-103(c) (2014).

Upon our careful and thorough review of the record, we determine that this Court does not have subject matter jurisdiction to consider this appeal because jurisdiction lies with the circuit court. Pursuant to Tennessee Code Annotated § 16-4-108(a)(2) (2009), a case appealed to the wrong court "shall by that court be transferred to the court having jurisdiction of the case, direct." *See Clark*, 2013 WL 1097773, at *3 (citing *In re Estate of White*, 77 S.W.3d 765, 769) (Tenn. Ct. App. 2001)) ("When a case has been appealed to the wrong court, the appropriate course of action is for the court lacking jurisdiction to transfer the case to the correct court.")); *see, e.g., In re D.L.D., Jr.,* E2009-00706-COA-R3-JV, 2010 WL 653252, at * 1 (Tenn. Ct. App. Feb. 24, 2010) (transferring appeal of a dependency and neglect order entered by a juvenile court to circuit court); *In re C.M.C.*, No. M2008-00329-COA-R3-JV, 2008 WL 4426885, at *4 (Tenn. Ct. App. Sept. 30, 2008) (transferring the appeal to circuit court upon determining that the mother's appeal of a juvenile court's decision involved a dependency and neglect proceeding). We note that the State's notice of appeal was timely filed within the ten-day period provided by Tennessee Code Annotated § 37-1-159(a) for appeals from juvenile court to circuit court. We therefore determine that this appeal must be transferred to the Montgomery County Circuit Court.

V. Denial of Motion to Reconsider

Having determined that this Court has no subject matter jurisdiction over this case, we further determine that the State's issue regarding the trial court's denial of the motion to reconsider is pretermitted as moot. Pending appeal to the circuit court, the trial court's

September 16, 2016 order remains in effect. *See* Tenn. Code Ann. § 37-1-159(b) (Supp. 2016) ("An appeal does not suspend the order of the juvenile court . . . .").

## VI. Conclusion

For the reasons stated above, we transfer this case to the Circuit Court for Montgomery County, Tennessee. Costs on appeal to this Court are taxed to the appellant, the State of Tennessee *ex rel.* Kandi L. Smith.

_____
THOMAS R. FRIERSON, II, JUDGE