# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 3, 2020 Session

## METRO CODES DEPARTMENT v. FAROKH FANI

**Appeal from the Circuit Court for Davidson County**
**No. 19C2105        Amanda J. McClendon, Judge**

_____

### No. M2020-00038-COA-R3-CV

_____

In a direct appeal from the Environmental Court for Davidson County, Tennessee ("general sessions court"),[1] the Davidson County Circuit Court ("trial court") granted the plaintiff agency's motion to dismiss for lack of subject matter jurisdiction upon the trial court's determination that the defendant, Farokh Fani, had untimely filed his motion for Tennessee Rule of Civil Procedure 60 relief in the general sessions court, rendering his appeal to the trial court untimely. Mr. Fani has appealed. We conclude that the trial court erred by determining that Mr. Fani's Rule 60 motion and his appeal were untimely. Having further determined that a factual dispute exists concerning whether the plaintiff agency properly served process on Mr. Fani, we vacate and remand for further proceedings consistent with this opinion, including the development of a record concerning service of process.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KRISTI M. DAVIS, J., joined.

Steven G. Fuller, Madison, Tennessee, for the appellant, Farokh Fani.

Joshua Thomas and Christopher M. Lackey, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville and Davidson County Codes Department.

---

[1] We note that the Environmental Court for Davidson County, Tennessee, is a division of the Metropolitan General Sessions Court of Nashville and Davidson County. *See Metro. Gov't of Nashville v. Printer's Alley Theater, LLC*, Nos. M2007-00329-COA-R3-CV, M2007-00391-COA-R3-CV, 2008 WL 199849, at *1 n.1 (Tenn. Ct. App. Jan. 23, 2008) (noting that the Environmental Court for Davidson County, Tennessee, is a division of the general sessions court).

**OPINION**

### I. Factual and Procedural Background

The Metropolitan Government of Nashville and Davidson County Codes Department ("Metro") filed a civil warrant against Mr. Fani on April 3, 2018, in the general sessions court, for violations of various public nuisance laws of the Metropolitan Government of Nashville and Davidson County, including a section relating to failure to remove "open storage: junk, trash, and debris."[2] Metro sought an order from the general sessions court that required Mr. Fani to remedy the violations. On April 6, 2018, Davidson County Deputy Sheriff Greg Smiley purportedly served the civil warrant at Mr. Fani's listed address. The warrant summoned Mr. Fani to appear before the general sessions court on May 2, 2018. The associated return identified Deputy Smiley as the process server but did not list his address, a fact that is undisputed by the parties.

Mr. Fani did not appear at the May 2, 2018 hearing. Consequently, the general sessions court entered a default judgment against him on May 9, 2018, requiring Mr. Fani to remedy the violation; pay a fine of $50.00 per day for each day the violation continued; and attend and complete "Codes Offender School," at a cost of $90.00. In the order, the court also reset the matter for a second hearing on June 27, 2018. The certificate of service attending the general sessions court's order indicated that a copy of the May 9, 2018 order was mailed to Mr. Fani.

Mr. Fani also did not appear for the June 27, 2018 hearing, resulting in the general sessions court's entry of an "Order to Show Cause" on July 11, 2018, summoning Mr. Fani to appear before the court on August 15, 2018. Deputy Smiley allegedly served a copy of the order on Mr. Fani on July 16, 2018. The order again reflected Deputy Smiley's name but did not include his address, also undisputed by the parties. The general sessions court continued the hearing until August 22, 2018. Mr. Fani likewise did not appear at the August 22, 2018 hearing, resulting in the general sessions court's entry of a judgment against him in the amount of $5,600.00.

Nearly one year later, on August 11, 2019, Mr. Fani filed a "TRCP 60.01 Motion to Correct Record" in the general sessions court. In his motion, Mr. Fani requested that the court amend the record to reflect that proper initial service was not perfected for two reasons. First, Mr. Fani averred that he was not served with a copy of the civil warrant by Deputy Smiley and accordingly was not notified of the scheduled hearing on May 2, 2018. Furthermore, Mr. Fani asserted that Deputy Smiley did not identify himself with both his "name and address" on the civil warrant return as required by Tennessee Code Annotated

---

[2] A copy of the municipal code does not appear in the appellate record.

§ 16-15-901(b) (2009).[3] Mr. Fani further claimed that the first notice he gained of this case was on or around April 9, 2019, when he received a letter by mail from a law firm attempting to collect the debt, stating that he owed $7,114.49 based on the default judgment previously entered against him. On August 21, 2019, the general sessions court denied Mr. Fani's motion via a handwritten "order" on the face of the motion itself.

On August 30, 2019, Mr. Fani appealed the general sessions court's denial of his motion to correct the record to the trial court. In turn, Metro filed a motion to dismiss on October 25, 2019, asserting that the trial court lacked subject matter jurisdiction because Mr. Fani had not timely appealed the general sessions court's August 22, 2018 judgment. Specifically, Metro argued that with respect to appeals from general sessions courts, Tennessee Code Annotated § 27-5-108 (Supp. 2020) requires an appealing party to file a notice of appeal and pay a cost bond within ten days of the general sessions court's final judgment. According to Metro, because Mr. Fani did not appeal the judgment until August 21, 2019—nearly a year following the judgment—his appeal was untimely. Mr. Fani filed a response opposing dismissal on November 11, 2019, positing, *inter alia*, that although Metro's citation of the ten-day appeal period was correct, it was misapplied because the appeal period should commence on the date when the general sessions court denied Mr. Fani's motion to correct the record.

On December 5, 2019, the trial court entered an order granting Metro's motion to dismiss the appeal for lack of subject matter jurisdiction. In the order, the trial court found in relevant part:

> After considering the briefs filed by the parties, the arguments of counsel, the record as a whole, and applicable legal authority, this Court finds that the motion is well taken and shall be granted. The record shows that the General Sessions Court entered final judgment in Case No. 18GC6697 on August 22, 2018. The Defendant did not file an appeal of that judgment and did not take any other action in the case until he filed with the General Sessions Court his Motion to Correct the Record on August 11, 2019. The General Sessions Court denied the motion, and the Defendant has filed an appeal to this Court pursuant to Tenn. Code Ann. § 27-5-108.

---

[3] We note that in his motion, Mr. Fani referenced the version of Tennessee Code Annotated § 16-15-901(b) that was in effect at the time the civil warrant was filed. Section 16-15-901(b) was amended in 2020 and now includes the following language:

> If service of process is made by a sheriff, constable, or other law enforcement officer, the process server must be identified by name and agency on the service return or in a supplemental affidavit. . . . Failure of the process server to include this information does not render the service invalid if the service is otherwise valid, but the court may require a private process server to provide the private process server's mailing or physical address to the party on whom process was served.

This Court finds that the Defendant's Motion to Correct the Record was not timely filed in the General Sessions Court; therefore, this Court lacks subject matter jurisdiction to consider the appeal. The Defendant's filing of his untimely motion in the General Sessions Court is not sufficient to re-start the ten-day jurisdictional time period to file an appeal to this Court pursuant to Tenn. Code Ann. § 27-5-108.

Mr. Fani timely appealed to this Court.

## II. Issues Presented

Mr. Fani has presented two issues on appeal, which we have restated slightly as follows:

1.      Whether the trial court erred by dismissing Mr. Fani's appeal for lack of subject matter jurisdiction and relying on the date of the original judgment rather than the date upon which his Rule 60 motion was denied.

2.      Whether the trial court erred by failing to determine that the general sessions court lacked personal jurisdiction to grant a default judgment against Mr. Fani.

Metro has presented two additional issues on appeal, which we have likewise restated slightly as follows:

3.      Assuming that the trial court maintained subject matter jurisdiction concerning Mr. Fani's direct appeal, whether Metro was entitled to a hearing on the merits to determine if the general sessions court acquired personal jurisdiction over Mr. Fani.

4.      Whether the 2020 amendment to Tennessee Code Annotated § 16-15-901, which permits a process server to correct a defect in the return of service of a civil warrant, has retrospective application to the initial filing of this action on April 3, 2018.

## III. Standard of Review

We review a non-jury case *de novo* upon the record with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must

support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness. *Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006).

Tennessee Rule of Civil Procedure 60.02 motions are reviewed under an abuse of discretion standard of review. *See Spruce v. Spruce*, 2 S.W.3d 192, 194 (Tenn. Ct. App. 1998) (citing *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993)). "[A] trial court will be found to have 'abused its discretion' only when it applies an incorrect legal standard, reaches a decision that is illogical, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." *In re Estate of Greenamyre*, 219 S.W.3d 877, 886 (Tenn. Ct. App. 2005).

## IV. Mr. Fani's Rule 60 Motion

As a threshold matter, we first address the nature of Mr. Fani's Tennessee Rule of Civil Procedure 60 motion, which he filed nearly a year following entry of the general sessions court's judgment against him. Mr. Fani specifically styled his motion as a "TRCP 60.01 Motion to Correct Record." Tennessee Rule of Civil Procedure 60.01 governs corrections of clerical mistakes and provides:

> Clerical mistakes in judgments, orders or other parts of the record, and errors therein arising from oversight or omissions, may be corrected by the court at any time on its own initiative or on motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

Through his motion, Mr. Fani claimed that Metro did not perfect proper service of the civil warrant against him in two respects. First, Mr. Fani averred that he was neither served with a copy of the civil warrant by Deputy Smiley nor notified of the scheduled hearing on May 2, 2018. Also, Mr. Fani contended that Deputy Smiley did not identify himself with both his "name and address" on the civil warrant return as required by Tennessee Code Annotated § 16-15-901(b). Mr. Fani argued that as a result of the alleged improper service, he was unaware of the civil warrant filed against him and ensuing general sessions court hearings.

Although Mr. Fani stated in his motion that it was filed pursuant to Tennessee Rule of Civil Procedure 60.01, our Supreme Court has previously instructed reviewing courts to "avoid construing pleadings in an artificial, technical sense," and rather "construe the

pleading's language fairly and naturally . . . [giving] effect to the substance of the pleading rather than its form." *See Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 104 (Tenn. 2010). Upon our review of the substance of Mr. Fani's motion, we construe Mr. Fani's motion as filed pursuant to Tennessee Rule of Civil Procedure 60.02. *See e.g.*, *Burns v. State Farm Fire & Casualty Co.*, No. E2019-00044-COA-R3-CV, 2020 WL 1131289, at *5 (Tenn. Ct. App. Mar. 6, 2020) (construing the plaintiff's motion to correct a clerical mistake as a motion to set aside the trial court's judgment). Rule 60.02 provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court. Writs of error coram nobis, bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

In its brief on appeal, Metro similarly posits that Mr. Fani's motion "actually sought relief pursuant to Tenn. R. Civ. Pro. 60.02" because Mr. Fani was not seeking to correct a mistake in the record or judgment. Moreover, Metro postulates that Mr. Fani's motion, in substance, contained requests to set aside the judgment altogether based on lack of personal jurisdiction by reason of insufficient service of process. We agree. The gravamen of Mr. Fani's motion is suited for analysis under Rule 60.02 because the motion sought to set aside the judgment itself, not merely to correct the record. Additionally, inasmuch as Mr. Fani alleged in his motion that the general sessions court did not obtain personal jurisdiction over him, we further construe Mr. Fani's motion as one seeking to declare the judgment void pursuant to subsection (3) of Rule 60.02. *See Johnson v. McKinney*, 222 S.W.2d 879, 883 (Tenn. Ct. App. 1948) ("The general rule is that notice by service of process or in some other manner provided by law is essential to give the court jurisdiction of the parties; and

- 6 -

a judgment rendered without such jurisdiction is void and subject to attack from any angle.").

Having determined that Mr. Fani's motion was effectively a Rule 60.02(3) motion seeking to relieve him from the general session court's judgment, we now address the applicable timeframe within which Mr. Fani was permitted to file his motion. Tennessee Code Annotated § 16-15-727(b) (2009), which governs the filing of Rule 60.02 motions in general sessions court, provides:

> (b) Tenn. R. Civ. P. 60.02, regarding mistakes, inadvertence, excusable neglect, fraud and other similar reasons set out in that rule, shall apply to all courts of general sessions. A motion under the general sessions court's authority under Tenn. R. Civ. P. 60.02 shall be filed within ten (10) days of the date of judgment. Once filed, the motion shall toll the ten-day period for seeking *de novo* review in the circuit court until the determination of the motion is concluded. Thereafter, an appeal for *de novo* review in the circuit court shall be filed within ten (10) days of the general sessions court's ruling on the motion to relieve a party or the parties' legal representative from a final judgment, order or proceeding in the same manner as provided in Tenn. R. Civ. P. 60.02.

Metro asserts that the ten-day filing requirement outlined in the foregoing statute applied to Mr. Fani's motion, which was filed nearly a year following the general sessions court's judgment, such that the trial court correctly dismissed the appeal. Mr. Fani's argument in support of his motion was that service of initial process was not perfected in the general sessions court, resulting in a lack of personal jurisdiction.

This Court, on recent occasion, has addressed the ten-day filing requirement at issue. In *TBF Fin. LLC v. Simmons*, No. E2020-00396-COA-R3-CV, 2020 WL 6781245, at *1 (Tenn. Ct. App. Nov. 18, 2020), the Knox County General Sessions Court entered a judgment against the defendant, who subsequently filed a Rule 60.02 motion approximately eight years later. Following the general sessions court's denial of the Rule 60.02 motion, the defendant appealed to the circuit court, arguing that he was never served with process in general sessions court. *Id*. at *2. On appeal, the circuit court held that it lacked subject matter jurisdiction based on the ten-day time period provided in Tennessee Code Annotated § 16-15-727(b), and dismissed the appeal. *Id*.

On review, this Court concluded that the ten-day statutory time period did not preclude the trial court's subject matter jurisdiction to address Rule 60.02 motions based on a void judgment. *Id*. at *5. In relevant part, the court explained:

> This Court has held that service of process is "an essential step in a proceeding." *Yousif v. Clark*, 317 S.W.3d 240, 246 (Tenn. Ct. App. 2010)

(citing *Watson v. Garza*, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008)). "[N]otice by service of process in a manner provided by law is essential to give the trial court personal jurisdiction over the parties, and without jurisdiction, judgment against a defendant who is not before the court is void and subject to attack." *Yousif*, 317 S.W.3d at 246 (citing *In re Estate of Graham*, No. 85-114-II, 1986 WL 3156 (Tenn. Ct. App. Mar. 12, 1986)). "[A] void judgment is one that is invalid on its face because the issuing court either lacked subject matter jurisdiction or personal jurisdiction over the proceedings. . . ." *Hood v. Jenkins*, 432 S.W.3d 814, 825 (Tenn. 2013) (citing *Gentry v. Gentry*, 924 S.W.2d 678, 680 (Tenn. 1996)). Thus, "[t]he record must establish that the plaintiff complied with the requisite procedural rules [for service of process]. . . . *Id.* Applying the foregoing principles, in the case of *Homes v. Francis*, No. M2014-00729-COA-R3-CV, 2015 WL 9946265 (Tenn. Ct. App. Aug. 12, 2015), this Court held that <u>the 10-day requirement in Tennessee Code Annotated section 16-15-727(b) is not applicable when the basis on which Rule 60.02 relief is sought is that service of process was never achieved, thereby rendering the judgment void *ab initio*</u>, to-wit:

> In reliance on Tenn. Code Ann. § 16-15-727, Plaintiff argues that [the defendant's] motion to quash and set aside the October 6, 2004 judgment which was filed in General Sessions Court was untimely because it was not filed within 10 days of the default judgment. As set forth above, service of process in a manner provided by law must be achieved in order for a court to have jurisdiction to enter a judgment against a defendant. The record does not demonstrate that [the defendant] was personally served in a manner which complied with Tenn. Code Ann. § 16-15-903(1); thus, the court lacked jurisdiction over [the defendant] in order to render a money judgment against him. The judgment so entered was void.

*Homes*, 2015 WL 9946265, at *4.

Rule 60.02 provides several grounds for relief from judgments, including: "(1) mistake, inadvertence, surprise or excusable neglect . . .; [or] (3) the judgment is void." This Court has distinguished the applicability of the Tennessee Code Annotated section 16-15-727(b), 10-day time period when the movant seeks relief under Rule 60.02(1) for "mistake inadvertence, surprise or excusable neglect," and when he or she seeks relief under Rule 60.02(3) because the judgment is allegedly void. *Compare Tennessee Protection Agency, Inc. v. Mathies*, No. M2009-01775-COA-R3-CV, 2010 WL 2889316, at *1 (Tenn. Ct. App. Jan. 12, 2011) (holding that by the time

- 8 -

the defendant filed his Rule 60.02(1) motion for relief on the ground of mistake, inadvertence, surprise or excusable neglect, the general sessions court had already lost jurisdiction to rule on the motion due to the expiration of the 10-day time period under Tennessee Code Annotated section 16-15-727(b)), *with Homes*, 2015 WL 9946265, at *4 (*supra*). In *Apexworks Restoration v. Scott*, No. M2019-00067-COA-R3-CV, 2019 WL 5448698, at *4 (Tenn. Ct. App. Oct. 24, 2019), this Court succinctly explained the distinction between *Mathies* and *Homes*:

> [T]he underlying rationale is identical in both decisions: that, generally speaking, there should be no time limit on seeking relief from a void judgment because, in the eyes of the law, such a judgment does not exist. Moreover, the *Homes* and *Mathies* decisions can be distinguished from one another in a significant respect. . . . [I]n *Homes*, the defendant sought relief from the default judgment on the ground that it was void because he was never properly served. *Homes*, 2015 WL 9946265, at *4. In *Mathies*, however, the defendant sought relief from the default judgment on the ground of mistake, inadvertence, surprise, or excusable neglect. *Mathies*, 2010 WL 2889316, at *1. Because the defendant in *Mathies* did not move to set aside the judgment on the ground that it was void, Tennessee Code Annotated section 16-15-727(b) required him to file his motion within 10 days after the entry of the judgment.

*Id*. (footnote omitted). In *Apexworks*, defendants' motion for Rule 60.02 relief was filed more than 3 years after entry of the general sessions' judgment. However, the motion was predicated on defendants' contention that service of process was not achieved in the general sessions court, and, thus, the judgment was void for lack of jurisdiction. In this regard, the *Apexworks* case was governed by the reasoning in *Homes* [. . .] and the *Apexworks* Court held that "the 10-day requirement is not applicable to the facts of the present case." *Id*. at *3. Because the gravamen of defendants' request for Rule 60.02 relief in *Apexworks* was that the underlying judgment was void, we concluded that, "[T]he General Sessions Court had jurisdiction to adjudicate Defendants' motion to void the default judgments—and, consequently, that the trial court had jurisdiction to adjudicate Defendants' appeal of the General Sessions Court's denial of that motion." *Id*. at *5.

*Id.* at *3-5 (emphasis added).

Similar to the movant in *TBF Fin*., the nature of Mr. Fani's motion was a Rule 60.02(3) motion seeking a determination that the judgment was void on the basis of lack of proper service of process. As such, the general sessions court had subject matter jurisdiction to adjudicate Mr. Fani's motion as to whether the judgment was void and, consequently, the trial court maintained subject matter jurisdiction to adjudicate Mr. Fani's appeal of the general sessions court's denial of that motion. *See Apexworks Restoration v. Scott*, No. M2019-00067-COA-R3-CV, 2019 WL 5448698, at *5 (Tenn. Ct. App. Oct. 24, 2019). Ergo, the ten-day timeframe proscribed in Tennessee Code Annotated § 16-15-727(b) was not applicable and did not operate to prevent the trial court from obtaining subject matter jurisdiction to hear the motion. *See Turner v. Turner*, 473 S.W.3d 257, 260 (Tenn. 2015) ("[T]he reasonable time filing requirement of Rule 60.02 does not apply to petitions seeking relief from void judgments under Rule 60.02(3)). We therefore conclude that the trial court applied an incorrect legal standard when it adjudicated Mr. Fani's motion as untimely. *See In re Estate of Greenamyre*, 219 S.W.3d at 886.

However, as we explained in *TBF Fin*., "[a]lthough the 10-day time period does not deprive the trial court of its jurisdiction to hear [the movant's] motion, jurisdiction does not, *ipso facto*, entitle [the movant] to relief under Rule 60.02." *TBF Fin*., 2020 WL 6781245, at *5. This Court further explained:

> If [the movant] was not served [with process], then the general sessions judgment is void *ab initio*, and [the movant] is entitled to Rule 60.02(3) relief. However, if [the movant] was properly served, the basis for [the movant's] Rule 60.02 relief is negated, *i.e.*, the judgment is not void, and [the movant] is not entitled to relief from the judgment.

*Id*.

Thus, "it is the *service* of process—rather than the *return* of service—that must be accomplished before a court obtains personal jurisdiction over a party defendant." *Id*. (quoting *Apexworks*, 2019 WL 5448698, at *4 (emphasis in original)). In the case at bar, Mr. Fani has contended throughout the proceedings that he was not properly served with process and accordingly did not receive a copy of the civil warrant. Mr. Fani claims that he had no knowledge of the civil warrant, the general session court proceedings, or entry of a default judgment against him until he received a collection letter from a law firm on approximately April 9, 2019. Thus, a dispute of fact exists concerning whether proper service occurred in this case.

As we observed in *TBF Fin*., "the trial court must resolve the question of service before it can effectively determine whether [the movant] is entitled to relief from the general sessions [court] judgment." *Id*. In its order granting Metro's motion to dismiss, the trial court found in relevant part that Mr. Fani's "Motion to Correct the Record was not timely filed in the General Sessions Court; therefore, this Court lacks subject matter

- 10 -

jurisdiction to consider the appeal." It is evident from the trial court's order that it made no determination concerning whether service of process was proper.

Considering the existence of a factual dispute regarding service of process, coupled with the fact that the trial court did not make a determination concerning service of process, we conclude that the parties should be permitted to develop an evidentiary record for adjudication concerning the question of whether Metro properly served Mr. Fani in the general sessions court action. *See id*. We further conclude that inasmuch as Mr. Fani's Rule 60 motion was proper and timely, his appeal to the trial court following the general sessions court's denial of his motion was timely. We therefore vacate the trial court's dismissal for lack of subject matter jurisdiction and remand this case for further proceedings.

## V. Remaining Issues

The parties present several additional issues on appeal, all of which concern service of process, including the issues of whether the general sessions court obtained personal jurisdiction over Mr. Fani and whether the amended version of Tennessee Code Annotated § 16-15-901(b) has retroactive application. However, as our Supreme Court has elucidated, appellate courts "are limited in authority to the adjudication of issues that are presented and decided in the trial courts, and a record thereof preserved as prescribed in the statutes and Rules of this Court. . . ." *Dorrier v. Dark*, 537 S.W.2d 888, 890 (Tenn. 1976). We therefore decline to address these issues in the absence of the trial court's adjudication thereof.

## VI. Conclusion

For the foregoing reasons, we vacate the trial court's judgment and remand this matter to the trial court for further proceedings consistent with this opinion, including the development of a record concerning issues related to service of process. Costs on appeal are taxed one-half to the appellant, Farokh Fani, and one-half to the appellee, Metropolitan Government of Nashville and Davidson County Codes Department.

_____
THOMAS R. FRIERSON, II, JUDGE