IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 15, 2019 Session

**KATHERINE MAE PRUITT v. TRAVIS PRUITT**

**Appeal from the Chancery Court for Henry County**
**No. 23626    Carma Dennis McGee, Chancellor**

————————————————————

**No. W2018-00453-COA-R3-CV**

————————————————————

Appellant appeals the trial court's denial of his motion to set aside a final judgment obligating him to pay child support. The record shows that Appellant voluntarily executed a document placing his name on the child's birth certificate and thereafter entered into a marital dissolution agreement and parenting plan obligating him to pay child support with full knowledge that he was not the biological parent of the child. Because Appellant has failed to present sufficient evidence of a ground for relief under Rule 60.02 of the Tennessee Rules of Civil Procedure, we affirm the decision of the trial court to deny Appellant's request to set aside the judgment. We reverse, however, the trial court's award of attorney's fees based on the parties' marital dissolution agreement.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part and Reversed in Part**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and WILLIAM B. ACREE, JR., SP. J., joined.

J. Neil Thompson, Huntingdon, Tennessee, for the appellant, Travis Pruitt.

**OPINION**

**I.    BACKGROUND**

Appellee Katherine Mae Pruitt ("Mother") gave birth to the minor child at issue in December 2013. Mother and Appellant Travis Pruitt ("Husband") married in December 2014 and lived in Henry County throughout the marriage. There is no dispute that Husband is not the biological parent of the child and that both Mother and Husband were fully aware of this fact at all relevant times. At some point, the parties executed a document for the purposes of changing the child's birth certificate to reflect Husband as the child's father and to change the child's surname to that of Husband. The child's birth certificate reflected these changes.

On November 13, 2015, Mother filed a complaint for divorce in the Madison County Chancery Court; the child was listed as a child of the marriage. On February 16, 2016, the Madison County Chancery Court entered a final divorce decree in which the parties were divorced on the ground of irreconcilable differences. Attached to the decree was a marital dissolution agreement ("MDA") signed by both parties and an agreed permanent parenting plan. Under the plan, Husband was to have no visitation with the child but was obligated to pay child support.

On February 15, 2017, Husband filed a motion in Henry County Chancery Court ("the trial court") pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. The motion sought relief from Husband's obligation to pay child support. The divorce case was thereafter transferred from Madison County to the trial court. Mother filed a motion to dismiss the Rule 60.02 motion on the basis that the motion did not allege fraud, inadvertence, mistake, or excusable neglect. In support, Mother noted that Husband was fully aware that he was not the child's biological parent at the time the agreed parenting plan was entered and yet chose to enter a voluntary acknowledgement of paternity concerning the child.

The trial court held an evidentiary hearing on Husband's Rule 60.02 motion on August 7, 2017. At the beginning of the hearing, Husband confirmed that he was seeking relief under Rule 60.02(1), (2), and (3). The proof showed that the parties began their relationship when Mother was already pregnant with the child. Notwithstanding Husband's knowledge that he was not the biological parent of the child, during the marriage, the parties executed a document allowing Father's name to be placed on the child's birth certificate and the child's surname to be changed. Upon the divorce, Mother testified that her counsel informed her that because Husband was listed as the child's father on the birth certificate, the child was required to be included in the divorce documents as a marital child. Husband admitted that although he was given time to review the MDA before signing, he never sought counsel on his own behalf relative to the divorce. When asked why he was seeking to avoid paying child support, Husband answered that he no longer wished to pay child support if he could not see the child due to his work schedule. On August 23, 2017, the trial court entered an order confirming that Husband was seeking relief only on the above grounds and that the parties were permitted to file post-trial briefs concerning Rule 60.02(3).

Thereafter on September 13, 2017, the trial court entered an order denying Husband's Rule 60.02 motion. Therein, the trial court found that Husband had ample time to review the MDA and parenting plan offered by Mother, chose not to obtain attorney advice before signing the divorce documents, and was fully aware that he was not the biological parent of the child. The trial court also found that Husband signed a voluntary acknowledgement of paternity following the child's birth that allowed Husband to be placed on the child's birth certificate and the child's surname to be changed. The parties thereafter held the child out to be Husband's child. According to the trial court, Husband filed his motion because he does not want to pay child support anymore and

cannot see the child because of his work schedule. Finally, the trial court ruled that none of the grounds for setting aside a final judgment under Rule 60.02 had been met, as the parenting plan was not a mistake, there was no fraud, and the judgment was not void. The trial court later entered an order awarding Mother attorney's fees. From these orders, Husband appeals.[1]

## II.  ISSUES PRESENTED

Husband raises the following issues in his brief:

1. Whether the trial court erred in denying Husband's Rule 60.02 Motion while ruling that he was not the biological father of the minor child and paternity had not been established?
2. Whether the trial court erred in denying Husband's Rule 60.02 Motion on the basis or mistake, inadvertence, surprise or excusable neglect?
3. Whether the trial court erred in denying Husband's Rule 60.02 Motion on the basis or fraud, misrepresentation or other misconduct of an adverse party?
4. Whether the trial court erred in denying Husband's Rule 60.02 Motion on the basis that the Final Divorce Decree is void?
5. Whether the trial court erred in awarding Mother a judgment for her attorney fees and costs?

## III.  DISCUSSION
### A. Rule 60.02 Relief

Husband seeks to avoid the child support obligation agreed to by him under the parties' MDA and parenting plan through the vehicle of a motion to set aside a final judgment under Rule 60.02 of the Tennessee Rules of Civil Procedure. Rule 60.02 provides, in relevant part, that

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable

---

[1] Mother chose not to participate in this appeal.

time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Tenn. R. Civ. P. 60.02. As we have previously explained:

> [Rule] 60.02 provides an exceptional remedy that enables parties to obtain relief from a final judgment. *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn.1992); *Hungerford v. State*, 149 S.W.3d 72, 76 (Tenn.Ct.App.2003). The rule strikes a balance between the competing principles of finality and justice, *Banks v. Dement Constr. Co.,* 817 S.W.2d 16, 18 (Tenn. 1991); *Rogers v. Estate of Russell*, 50 S.W.3d 441, 444 (Tenn. Ct. App. 2001), and provides "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990). The burden of proof is on the party seeking Tenn. R. Civ. P. 60.02 relief. The bar for obtaining relief is set very high, and the burden borne by the moving party is heavy. *Johnson v. Johnson*, 37 S.W.3d 892, 895 (Tenn. 2001).

*DeLong v. Vanderbilt Univ.*, 186 S.W.3d 506, 511 (Tenn. Ct. App. 2005). According to our supreme court:

> To obtain relief under Rule 60.02, the moving party "must describe the basis of relief with specificity," *Minor Miracle Prods., LLC v. Starkey*, No. M2011-00072-COA-R3-CV, 2012 WL 112593, at *7 (Tenn. Ct. App. Jan. 12, 2012) (citing *Hopkins v. Hopkins*, 572 S.W.2d 639, 640 (Tenn. 1978)), and establish by clear and convincing evidence that she is entitled to relief. *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997). "Evidence is clear and convincing when it leaves 'no serious or substantial doubt about the correctness of the conclusions drawn.'" *Goff v. Elmo Greer & Sons Constr. Co.*, 297 S.W.3d 175, 187 (Tenn. 2009) (quoting *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992)).

*Hussey v. Woods*, 538 S.W.3d 476, 483 (Tenn. 2017)

In this case, the trial court asked Husband to specify the grounds on which he was relying in prosecuting his Rule 60.02 motion. Husband specified that he was relying on grounds 1, 2, and 3. On appeal, in addition to arguing that the trial court erred in rejecting each of these grounds for relief, Husband makes a more general argument that Rule 60.02 relief is proper in reliance on case law involving other Rule 60.02 grounds. The trial court specifically asked Husband to state the grounds relied upon. Husband could have easily specified additional grounds than the ones alleged, but made a strategic decision to rely only on grounds 1, 2, and 3. As such, we will not consider any grounds beyond those

specified in the trial court.[2] *See* **State v. Smith**, No. M2015-01616-CCA-R3-CD, 2016 WL 721526, at \*2 (Tenn. Crim. App. Feb. 24, 2016) (citing Tenn. R. App. P. 36(a)) ("Defendant cannot raise an additional ground for relief on appeal or switch theories between the trial court and the appellate court."). Finally, we note that in his brief, Husband does not seek a retroactive modification of child support, but only the termination of his child support obligation as of the filing of his Rule 60.02 motion. *See generally* **In re Christopher A. D.**, No. M2010-01385-COA-R3-JV, 2012 WL 5873571, at \*4 (Tenn. Ct. App. Nov. 20, 2012) (noting that this Court has "upheld the prohibition against retroactive modification of child support in the face of equitable defenses in a number of cases"). We begin first with Husband's argument that the judgment is void.

# I.

Husband first asserts that the original divorce decree, including the agreed MDA and parenting plan, are void under Rule 60.02(3). "Rule 60.02(3) provides for relief from a void judgment." **Hussey**, 538 S.W.3d at 483. The trial court's denial of relief under Rule 60.02(3) "is de novo with no presumption of correctness." *Id.* at 483 (citing **Turner v. Turner**, 473 S.W.3d 257, 279 (Tenn. 2015)). A judgment is void "if it appears on the face of the record itself that the court lacked subject matter jurisdiction, the judgment was outside of the pleadings, or the court lacked jurisdiction over the parties." *Id.* (citing **Turner**, 473 S.W.3d at 270). Here, Husband asserts that the original divorce decree was void on two bases: (1) improper venue; and (2) lack of an indispensible party. We begin with venue.

Pursuant to Tennessee Code Annotated section 36-4-105, the proper venue for a divorce complaint is "the county where the parties reside at the time of their separation, or in which the defendant resides, if a resident of the state; but if the defendant is a nonresident of the state or a convict, then in the county where the applicant resides." Tenn. Code Ann. § 36-4-105(a). There is no dispute that at the time the Madison County Chancery Court entered the divorce decree the parties did not live in Madison County,

---

[2] For example, Husband cites the case of **State ex rel. Taylor v. Wilson**, No. W2004-00275-COA-R3-JV, 2005 WL 517548, at \*1 (Tenn. Ct. App. Mar. 3, 2005). In **Taylor**, however, the petitioner filed his petition under Rule 60.02(4), *i.e.*, that "it is no longer equitable that a judgment should have prospective application[.]" *Id.* at \*1. Husband chose not to rely on this ground for relief at trial in this cause. Moreover, the petitioner alleged that the voluntary legitimation of the child was based on a mutual mistake of fact concerning the child's biological father. As discussed in detail, *infra*, no such mistake is at issue in this case. Other cases have followed a similar framework. *See* **Richards v. Read**, No. 01A01-9708-PB-00450, 1999 WL 820823, at \*10 (Tenn. Ct. App. July 27, 1999) (ruling that the petitioner was entitled to Rule 60.02(4) relief where the child's mother "led him to believe that he was the father of the child"); **White v. Armstrong**, No. 01A01-9712-JV-00735, 1999 WL 33085, at \*3 (Tenn. Ct. App. Jan. 27, 1999) (relying on Rule 60.02(4) and the fact that the petitioner "believed that he was the boy's biological father" when the obligation was made in setting aside the child support obligation). Moreover, as discussed in detail, *infra*, this Court has previously rejected a motion under Rule 60.02(4) where the parent had knowledge of the child's paternity at the time he agreed to the child support obligation. *See* **Welch v. Welch**, 195 S.W.3d 72, 76 (Tenn. Ct. App. 2005).

nor had they ever lived in that county. Nonetheless, the divorce was filed and adjudicated in Madison County. According to Husband, nothing in the parties MDA expressly waives venue and the language contained therein. We respectfully disagree.

The parties' MDA contains the following provision:

[Husband] acknowledges that a divorce action has or will be filed in the Chancery Court of Madison County, Tennessee and that he or she has received a copy of the same and [Husband] waives further service of process and waives filing an answer to the Petition for Divorce. This waiver shall constitute a general appearance by [Husband] before the Court where filed and shall further constitute a default judgment for the purpose of granting a divorce on the grounds of irreconcilable differences without further Notice.

As this Court has explained:

A party's objections to personal jurisdiction and venue are deemed waived unless they are raised in a timely manner. *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977) (venue); *Felty v. Chillicothe Realty Co.*, 175 Tenn. 315, 318, 134 S.W.2d 153, 154 (1939) (personal jurisdiction). Thus, if a party makes a general appearance and does not take issue with venue, adequacy of service of process, personal jurisdiction, or other similar matters, the courts customarily find that the party has waived its objections to these matters. *Tennessee Dep't. of Human Serv's v. Daniel*, 659 S.W.2d 625, 626 (Tenn. Ct. App. 1983) (personal jurisdiction); *Walkup v. Covington*, 18 Tenn.App. 117, 126, 73 S.W.2d 718, 723–24 (1933) (defect in process).

*Dixie Sav. Stores, Inc. v. Turner,* 767 S.W.2d 408, 410 (Tenn. Ct. App. 1988). Here, the MDA, which was undisputedly signed by Husband, states that the divorce was to be filed in Madison County and that Husband's consent to the MDA would serve as a "general appearance" for the purpose of obtaining a divorce in that court. As such, it appears that Husband had full knowledge that the divorce was to be filed in Madison County and waived any objection to improper venue in the MDA. As such, this issue is without merit.

We likewise reject Husband's assertion that the child's putative father was an indispensable party to this divorce action.[3] This issue is generally governed by Rule 19 of the Tennessee Rules of Civil Procedure. First, Rule 19.01 provides, in relevant part, as follows:

---

[3] This issue was raised only minimally in the hearing on the Rule 60.02 motion. However, the parties were permitted to file post-trial briefs regarding the application of Rule 60.02(3), which are not included in the record. *See* Tenn. R. App. P. 24(b) (excluding "trial briefs" from the record on appeal).

A person who is subject to service of process shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of this claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person properly should join as a plaintiff but refuses to do so, he or she may be made a defendant, or in a proper case, an involuntary plaintiff.

Tenn. R. Civ. P. 19.01. Rule 19.02 goes on to state that

If a person as described in Rule 19.01(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it; or should be stayed or dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether or not a judgment rendered in the person's absence will be adequate; and (4) whether or not the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

If a party is indispensable, that is a person who must be joined in the action but whose joinder is not feasible, the action must be dismissed. *Danelz v. Gayden*, No. W2010-02308-COA-R3-JV, 2011 WL 2567742, at *7 (Tenn. Ct. App. June 29, 2011) (citing Robert Banks, Jr. & June F. Entman, Tennessee Civil Procedure § 6–82 n. 353 (2d. ed. 2004)); *see also* ***Baker v. Foster***, No. W2009-00214-COA-R3-CV, 2010 WL 174773, at *4 (Tenn. Ct. App. Jan. 20, 2010) ("When an indispensable and necessary party has not been joined, neither the trial court nor the appellate court may proceed further with the matter.").

As an initial matter, we must point out that despite Husband's contention otherwise, this matter involves a divorce, rather than a paternity action. Husband cites no Tennessee law, nor has our research revealed any, requiring that putative fathers of non-marital children be joined as necessary parties to divorce actions. Indeed, such a rule would conflict with the general rule in divorces:

Typically, the only proper parties to a marital dissolution proceeding are the spouses. The paramount goal of a divorce proceeding is a just and equitable resolution of the interests and rights of the divorcing spouses, and asserted

interests of third parties in marital property are best resolved in legal actions separate and apart from the divorce proceeding. Neither the rules of trial procedure governing joinder of parties nor the dissolution of marriage statutes are so broad as to require third parties to be dragged into marriage dissolution proceedings by their heels and there compelled to litigate issues that are but tangential to that cause of action.

27A C.J.S. Divorce § 174 (footnotes omitted). Thus, while Tennessee courts have previously allowed joinder of a third-party in a divorce by agreement of the parties to facilitate property settlement issues, *see* **Merkel v. Merkel**, No. E2014-01888-COA-R3-CV, 2016 WL 1276094, at *4 (Tenn. Ct. App. Mar. 31, 2016), no Tennessee court has ever held that a child's putative father was a necessary party to a divorce. *But cf.* **Danelz**, 2011 WL 2567742, at *7 (holding that a child's legal parent may be an indispensible party to a paternity action filed by an alleged biological parent). In fact, Tennessee law is replete with divorces that include non-marital children without joinder of the child's biological parent. *See, e.g.,* **Rice v. Rice**, 983 S.W.2d 680, 681 (Tenn. Ct. App. 1998) (noting that the mother had a child from a prior relationship but adjudicating the divorce without joining that child's biological father as a necessary party). Simply put, the putative father of a non-marital child is not necessary to the adjudication of a divorce, and we decline to hold that a Tennessee divorce is invalid because a non-marital child's putative father was not joined in the action. Having determined that neither venue nor lack of an indispensable party provide an escape from the final order entered in this case, we affirm the trial court's denial of Husband's Rule 60.02 motion on the basis that the judgment is void.

## II.

We next consider Husband's assertion that Rule 60.02 is available on the basis of mistake or excusable neglect. As previously discussed, under Rule 60.02(1), a final judgment may be set aside on the basis of "mistake, inadvertence, surprise or excusable neglect[.]" Tenn. R. Civ. P. 60.02. Such a motion must be filed within one year from the final judgment. *Id.* Relief under Rule 60.02(1) is reviewed for an abuse of discretion. **Underwood v. Zurich Ins. Co.**, 854 S.W.2d 94 (Tenn. 1993); **In re Layla C.S.**, 389 S.W.3d 337, 339 (Tenn. Ct. App. 2012). A trial court abuses its discretion when it has applied an incorrect legal standard or has reached a decision which is against logic or reasoning that caused an injustice to the party complaining. **Eldridge v. Eldridge**, 42 S.W.3d 82, 85 (Tenn. 2001). We will not overturn the trial court's decision merely because reasonable minds could reach a different conclusion. *Id.*

There is no dispute that both Husband and Mother were aware that Husband was not the biological parent of the child at issue when the MDA was signed and the divorce decree entered. As such, this case is distinguishable from the cases in which the petitioner was unaware that he was not the child's biological parent at the time judgment was entered. *See, e.g.,* **In re T.M.S.**, No. W2012-02220-COA-R3-JV, 2013 WL 3422975, at

*9 (Tenn. Ct. App. July 8, 2013) (concluding that the petitioner showed a mistake of fact where he voluntarily agreed to child support despite the fact that he was not sure that the child was his). Husband asserts, however, that both he and Mother were under the mistaken belief that Husband was required to pay child support notwithstanding the child's paternity. The record does reflect Mother's undisputed testimony that her divorce attorney informed her that because Husband's name was on the child's birth certificate, "they had to file it in the divorce as [Husband's] child."[4] Mother further admitted that she informed Husband of this advice. Thus, while the record does reveal that a mistake occurred in this case, we must conclude that a mistake of this type is not cognizable under Rule 60.02(1). Rather, the mistake at issue in this case is a mistake of law, rather than a mistake of fact. It is well-settled, however, that "a mistake of law is not a ground for relief under Rule 60.02." *Selitsch v. Selitsch*, 492 S.W.3d 677, 689 (Tenn. Ct. App. 2015); *see also Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 337 (Tenn. 2010) (holding that ignorance of the law is not a ground for relief under Rule 60.02).

A similar situation occurred in *Spruce v. Spruce*, 2 S.W.3d 192 (Tenn. Ct. App. 1998). In *Spruce*, mother filed a Rule 60.02(1) motion, arguing that the parties' child support obligation wrongfully deviated downward from the amount mandated by the Tennessee Child Support Guidelines. *Id.* at 194. In rejecting the mother's argument, the court explained:

> In this case, neither party claims ignorance of the operative facts. On the contrary, it is clear that each of the parties gave their consent to the child support agreement based upon existing facts then known to both of them. This is not a case involving a mutual, or even a unilateral, mistake of fact. What Mother is really complaining about is the fact that the law was improperly applied to the known facts—first by the parties in reaching their agreement, and then by the court in approving it. Even if true, this is a mistake of law and not a mistake of fact. A mistake of law "occurs when a party knows the facts of the case but is ignorant of the legal consequences." *Haas v. Haas*, C/A No. 02A01-9709-CV-00241, 1998 WL 599529, *4 (Tenn. App. W.S., filed September 11, 1998).

> The Supreme Court has opined that if "ignorance of the law is a proper ground for relief under Rule 60.02 . . ., it is hard to conceive how any judgment could be safe from assault on that ground." *Food Lion, Inc. v. Washington County Beer Bd.*, 700 S.W.2d 893, 896 (Tenn. 1985). In fact, the cases clearly hold that a mistake of law is not a basis for Rule

---

[4] Mother also admitted that it was her belief that the child was required to be included in the documents because Husband was named the child's father on the child's birth certificate. Mother confirmed, however, that she was not aware that the child could be excluded from the divorce documents and that she relied on the advice of counsel.

60.02 relief. ***Metropolitan Dev. & Hous. Agency v. Hill***, 518 S.W.2d 754, 768 (Tenn. App. 1974).

***Spruce***, 2 S.W.3d at 194–95; *see also* ***Haas***, 1998 WL 599529, at *4 ("From the record, it is evident that Father was aware of the facts of the case, but was ignorant of the law. This is not the type of mistake that [Rule] 60.02 is designed to correct.").

The same is true in this case. Both parties were fully aware that Husband was not the biological parent of the child. The parties were uninformed or ill-informed regarding the legal consequences of that fact. Such a mistake of law is simply not a basis for relief under Rule 60.02(1). *See* ***Holiday v. Shoney's S., Inc.***, 42 S.W.3d 90, 94 (Tenn. Ct. App. 2000) ("It is well settled that ignorance of an attorney with respect to the applicable law or rules is not the type of mistake that invokes the relief provided for under Rule 60.02(1).").[5] Husband's decision to enter into the MDA with full knowledge that he was not the child's biological parent was not inadvertent or the product of excusable neglect or a mistake of fact. In a similar situation, this Court has held that no mistake of fact occurred. *See* ***Welch v. Welch***, 195 S.W.3d 72, 78 (Tenn. Ct. App. 2005) ("When a party seeks relief under Rule 60.02 from a prior order of legitimation, equity requires relief where there is evidence of mistake or fraud or where prospective application of the order works an injustice. However, in the absence of other considerations not present in this case, a party who legitimizes a child knowing that child is not biologically his has, for all purposes, evidenced a decision to enter into an adoption-like parent-child relationship.") (discussed in detail, *infra*). As such, the trial court did not err in denying Husband's motion on this basis.

### III.

Husband next asserts that he is entitled to relief under Rule 60.02(2), which provides relief where there has been "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party[.]" Tenn. R. Civ. P. 60.02. Again, this type of relief must be sought within one year of the final judgment, *see id.*, and the trial court's decision is reviewed for an abuse of discretion. *See* ***Howard v. Howard***, 991 S.W.2d 251, 255 (Tenn. Ct. App. 1999) (applying the abuse of discretion standard to a request for relief under Rule 60.02(2)).

The basis of Husband's request for relief under this ground is Mother's alleged misrepresentation concerning the fact that the child was required to be included in the

---

[5] Moreover, the record reflects that Husband had an opportunity to consult counsel relative to the divorce but voluntarily chose not to do so, and instead voluntarily agreed to enter into the MDA and parenting plan in the absence of advice of counsel. ***Henderson***, 318 S.W.3d at 337 (citing ***Spruce***, 2 S.W.3d at 195) ("In any event, a mistake of law, to the extent the employee asserts one stemming from her decision not to secure counsel, is not a basis for relief under Rule 60.02."); *cf.* ***Potter v. Espinosa***, No. M2008-02542-COA-R3-CV, 2009 WL 3400702, at *4 (Tenn. Ct. App. Oct. 21, 2009) (holding that a mistake may occur if the party seeking relief did not in some way consent to the judgment he or she now seeks to set aside).

divorce because Husband was listed on the child's birth certificate. Husband cites no caselaw to support this argument on appeal. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010). Moreover, we note that two essential elements of any claim of fraud or intentional misrepresentation are "an intentional misrepresentation with regard to a material fact" and "knowledge of the representation['s] falsity." *Philp v. Se. Enterprises, LLC*, No. M2016-02046-COA-R3-CV, 2018 WL 801663, at *10 (Tenn. Ct. App. Feb. 9, 2018), *perm. app. denied* (Tenn. June 6, 2018) (citing *Stacks v. Saunders*, 812 S.W.2d 587, 592 (Tenn. Ct. App. 1990) (internal citations omitted)). Here, the evidence presented shows that Mother consulted counsel, who informed her that the child would be required to be included in the divorce documents. Our review of the record fails to persuade us that Husband presented clear and convincing evidence that this statement by Mother was a statement of material fact that she knew was false. *See also State Dep't of Human Servs. ex rel. Ellis v. Humes*, No. W2004-00602-COA-R3-JV, 2005 WL 562753, at *3 (Tenn. Ct. App. Mar. 10, 2005) (denying relief under Rule 60.02(2) because the purported father "failed to establish that [mother] knew he was not the father of these children before the paternity orders were entered, that she knowingly misrepresented to him that he was the father, and that he reasonably relied upon her misrepresentation to his detriment"); *see also Welch*, 195 S.W.3d at 78 (discerning no fraud where the petitioner was aware of the child's paternity). Instead, this appears to be nothing more than a mistake of law, which, as previously discussed, does not support Rule 60.02 relief. Given Husband's failure to properly brief this issue, we conclude that the trial court did not err in denying relief on the basis of Rule 60.02(2).

**IV.**

Finally, we address Husband's argument, littered throughout his brief, that public policy supports termination of his child support obligation in this case. Although this argument is not addressed to a specific provision of Rule 60.02, in an abundance of caution, we will address this issue. In support, Husband cites a number of cases in which a non-biological parent was able to avoid a child support order. We agree that "the legislature has made it clear that this court may only impose a child support obligation on a child's natural or adoptive parent." *Braun v. Braun*, No. E2012-00823-COA-R3-CV, 2012 WL 4563551, at *3 (Tenn. Ct. App. Oct. 2, 2012). In this case, however, the child support obligation was not imposed by the court but voluntarily assumed by Husband. Tennessee law is clear that even where a court lacks authority to impose an obligation of support, a party may voluntarily assume such an obligation by contract. *See, e.g.*, *Penland v. Penland*, 521 S.W.2d 222, 224 (Tenn. 1975); *Corder v. Corder*, 231 S.W.3d 346, 356 (Tenn. Ct. App. 2006); *Turner v. Turner*, No. W2015-01165-COA-R3-CV,

2016 WL 4259976, at *6 (Tenn. Ct. App. Aug. 11, 2016); *Gibbs v. Gibbs*, No. E2015-01362-COA-R3-CV, 2016 WL 4697433, at *5 (Tenn. Ct. App. June 22, 2016).

Likewise, "Tennessee law strongly favors requiring biological parents to bear responsibility for their own children, and [] this policy also favors relieving putative fathers of the burden of supporting children who have been shown, through conclusive evidence such as DNA testing, not to be their natural offspring." ***State ex rel. Taylor v. Wilson***, No. W2004-00275-COA-R3-JV, 2005 WL 517548, at *4 (Tenn. Ct. App. Mar. 3, 2005). Still, DNA testing conclusively showing that a man is not a child's biological parent, alone, is insufficient to support relief under Rule 60.02. *See* ***Welch v. Welch***, 195 S.W.3d 72, 75 (Tenn. Ct. App. 2005). Rather, this Court has held that "[o]ur case law clearly rejects a bright-line rule that properly admitted genetic tests conclusively excluding a legal father from paternity automatically entitle the legal father to relief under Rule 60.02." *Id.* Instead, "the determination of whether Rule 60.02 relief is appropriate depends on a weighing of the equities of the case." *Id.* at 76 (citing ***State ex rel. Ellis v. Humes***, No. W2004-00602-COA-R3-JV, 2005 WL 562753, at *3 (Tenn. Ct. App. Mar.10, 2005)). In ***Welch***, the petitioner executed a voluntary acknowledgement of paternity ("VAP") concerning a child that he knew was not his biological offspring. Later, however, the petitioner filed a motion to set aside the legitimation decree on the basis that he only entered into the VAP to change the child's surname and because he did not understand the legal consequences of such action. *Id.* at 73–74. The trial court granted the petitioner's request and mother appealed.

This Court reversed the decision of the trial court, ruling that relief was not available under Rule 60.02. In reaching this result, we distinguished cases where the petitioners were involved in sexual relationships with the mothers of the children around the time of conception "and were led to believe the children were, in fact, biologically theirs." *Id.* at 76 (citing ***Richards***, 1999 WL 820823, at *11; ***White***, 1999 WL 33085, at *3). In contrast, when the petitioner in ***Welch*** petitioned to establish paternity of the child, he had "full and unequivocal knowledge that he was not [the child's] biological father." *Id.* at 76. As such, we concluded that

> Mr. Welch unambiguously defrauded the court in the original legitimation proceeding. Thus, as in ***Ellis***, conclusive evidence that Mr. Welch is not [the child's] biological father is not sufficient, without more, to warrant relief under Rule 60.02. Clearly, equity does not require the court to relieve Mr. Welch of obligations and privileges for which he voluntarily, knowingly, and even fraudulently petitioned the court.

> \* \* \*

> Children are not property and are not disposable as a matter of convenience. This truth is foundational to the statutory child support, custody, and adoption scheme developed by our legislature and applied by our courts.

> Moreover, the courts do not look favorably upon being invoked to participate in a falsehood. When a party seeks relief under Rule 60.02 from a prior order of legitimation, equity requires relief where there is evidence of mistake or fraud or where prospective application of the order works an injustice. However, in the absence of other considerations not present in this case, a party who legitimizes a child knowing that child is not biologically his has, for all purposes, evidenced a decision to enter into an adoption-like parent-child relationship. That a judgment creating this relationship should have prospective application works no inequity.

*Id.* at 76–78. In the absence of a showing of inequity, we held that the petitioner's Rule 60.02 motion should have been denied. We further noted that such a result "does not violate this state's public policy of ensuring that children are supported by their parents" where a parent voluntarily undertook the legal responsibility to parent the child. *Id.* at 78. Other cases have followed the reasoning in *Welch*. *See Coyle v. Erickson*, No. E2010-02585-COA-R9-CV, 2011 WL 3689157, at *7 (Tenn. Ct. App. Aug. 24, 2011) (holding that "where the man acknowledged the paternity of a child born before his marriage to the mother, and then agreed that the child was his in their divorce and was ordered to pay child support" it is not error to require the man to pay child support); *State ex rel. Hickman v. Dodd*, No. W2008-00534-COA-R3-CV, 2008 WL 4963508, at *7 (Tenn. Ct. App. Nov. 21, 2008) ("The results of genetic testing alone are not sufficient grounds for relief under the stringent requirements of Tenn. R. Civ. P. 60.02(5).").

The same is generally true in this case. Husband voluntarily executed a document allowing his name to be placed on the child's birth certificate and the child's surname to be changed. Thereafter Husband, again voluntarily, entered into the MDA and parenting plan with full and unequivocal knowledge that he was not the biological parent of the child. Equity therefore does not require the court to relieve Husband of the obligations that he voluntarily and knowingly assumed.

We do acknowledge one distinguishing feature between *Welch* and the case-at-bar—the existence of a properly executed VAP. In this case, although the trial court expressly found that Husband executed a VAP in his effort to change the child's surname and birth certificate, no VAP was submitted as an exhibit at the hearing or included in the record on appeal. In this situation, we have previously held that an alleged VAP should not be considered. *See In re T.M.S.*, No. W2012-02220-COA-R3-JV, 2013 WL 3422975, at *6 (Tenn. Ct. App. July 8, 2013) (holding that for purposes of appeal, there was no VAP because it was not included in the record and no other competent evidence was presented to show its existence); *State ex rel. Johnson v. Mayfield*, No. W2005-02709-COA-R3-JV, 2006 WL 3041865, at *1 n.1 (Tenn. Ct. App. Oct. 26, 2006) ("In this case, the appellant did not ensure that a copy of the alleged 1997 VAP was included in the record before us, and therefore, we cannot consider it as part of the facts of this case."). As an initial matter, we note that Husband did not designate the trial court's ruling with

regard to the VAP as an issue on appeal, nor does he specifically argue that the trial court erred in finding that this document constituted a VAP. Where issues are not designated as such on appeal or argued in a party's appellate brief, they are typically waived. *Cf. Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002) ("We consider an issue waived where it is argued in the brief but not designated as an issue").

In any event, we conclude that the trial court did not err in denying Rule 60.02 relief even in the absence of a properly executed VAP. When faced with this scenario, the existence or non-existence of a properly executed VAP was not dispositive of whether Rule 60.02 relief was warranted. Instead, the dispositive question on appeal was whether the petitioner had shown a ground for relief under Rule 60.02. *See In re T.M.S.*, 2013 WL 3422975, at *9 (going on to consider whether a ground for relief was shown under Rule 60.02 and ultimately concluding that the petitioner's lack of conclusive knowledge as to paternity was sufficient to show a mistake of fact under Rule 60.02(1)); *State ex rel. Johnson v. Mayfield*, 2006 WL 3041865, at *6 (going on to consider whether a ground for relief was proven under Rule 60.02 and ultimately concluding that the petitioner's lack of knowledge as to paternity was sufficient to entitle him to relief under Rule 60.02(4)). As previously discussed, however, Husband has not shown a proper ground for relief under Rule 60.02. Rather, the evidence shows that regardless of whether a VAP was properly executed, Husband entered into a voluntary and knowing agreement to assume a "parent-child relationship" with the child at issue despite his conclusive knowledge that the child was not his biological offspring. *Welch*, 195 S.W.3d at 77–78 ("Like an adoptive parent, Mr. Welch assumed all the responsibilities of parenthood knowing [the child] was not biologically his."). As such, the trial court was not required "to grant [Husband's] Rule 60.02 motion based solely on conclusive proof that [he] is not the biological father of [the child] where [Husband] undisputedly knew he was not [the child's] father at the time he [agreed to pay child support]." *Id.* at 78. The trial court's ruling is therefore affirmed.

## B. Attorney's Fees

Husband also raises an issue regarding the trial court's decision to award attorney's fees to Mother. In this case, the trial court's award of attorney's fees was based solely "on the language outlined in the parties Martial Dissolution Agreement." Husband argues that this ruling was in error because the MDA does not support an award of attorney's fees in this situation. We agree.

The parties' MDA contains an attorney's fees provision that provides as follows: "Should either party fail to abide by or perform the agreements herein, he or she shall be liable to the other for all reasonable attorney's fees, cost and expenses incurred by the other in securing performance." The Tennessee Supreme Court has explained that "[a] marital dissolution agreement is a contract and as such is subject to the rules governing construction of contracts." *Eberbach v. Eberbach*, 535 S.W.3d 467, 478 (Tenn. 2017) (citing *Barnes v. Barnes*, 193 S.W.3d 495, 498 (Tenn. 2006)). As such, "our courts are

- 14 -

required to interpret contracts as written, giving the language used a natural meaning." ***Id.*** (citing ***U.S. Bank, N.A. v. Tennessee Farmers Mut. Ins. Co.***, 277 S.W.3d 381, 386–87 (Tenn. 2009)).

The plain language of the MDA provides that attorney's fees may be awarded only when one party fails to abide by its terms or perform the obligations outlined therein. At trial, no testimony was presented that Husband had ever failed to abide by the MDA or parenting plan in any way or failed to pay the required child support. As such, an award of attorney's fees pursuant to the plain language of the MDA was not available. We note that in addition to contract, attorney's fees may also be authorized by statute. ***Id.*** at 475 ("Parties to post-divorce proceedings seeking to recover appellate attorney's fees also may request an award of attorney's fees on statutory grounds."). For example, Tennessee Code Annotated section 36-5-103 provides an award of attorney's fees in connection with proceedings involving child support. *See* Tenn. Code Ann. § 36-5-103(c).[6] The trial court, however, did not rely on this statute in awarding attorney's fees and Mother did not cite this statute in her request for attorney's fees. As such, we must conclude that the trial court erred in awarding attorney's fees in this case based on the plain language of the parties' MDA.

## IV.    CONCLUSION

The judgment of the Henry County Chancery Court is affirmed in part and reversed in part. This cause is remanded to the trial court for all further proceedings as

---

[6] We note that section 36-5-103(c) was amended in 2018 to provide as follows:

A prevailing party may recover reasonable attorney's fees, which may be fixed and allowed in the court's discretion, from the non-prevailing party in any criminal or civil contempt action or other proceeding to enforce, alter, change, or modify any decree of alimony, child support, or provision of a permanent parenting plan order, or in any suit or action concerning the adjudication of the custody or change of custody of any children, both upon the original divorce hearing and at any subsequent hearing.

2018 Tennessee Laws Pub. Ch. 905 (H.B. 2526), eff. July 1, 2018. Prior to this amendment, the statute stated the following:

The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Tenn. Code Ann. § 36-5-103 (2017).

- 15 -

are necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellant Travis Pruitt, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE